UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRIC D. BROWN,

                Petitioner,

-vs-                                                Case No. 8:07-cv-74-T-24MSS

SEC., DEPT. OF CORRECTIONS,

                Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Cedric Brown's 28 U.S.C. § 2254 petition for writ of habeas corpus. Brown challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. (Doc. No. 1). Respondent filed a response with a motion to dismiss the petition as time-barred. (Doc. No. 9). Petitioner filed a reply. (Doc. No. 18).

### BACKGROUND

Brown pled guilty on July 21, 1999, to sale and possession of cocaine as charged in case no. CRC98-23141CFANO. On December 8, 1999, the Court sentenced Brown, as a habitual felony offender, to twenty years incarceration on the sale of cocaine count, and to five years incarceration on the possession of cocaine count. The sentences ran concurrently.

Brown did not file a direct appeal. On January 6, 2000, Brown filed a pro se motion for modification of sentence in which he alleged that his plea was involuntary; his counsel was ineffective; and the evidence underlying his convictions was insufficient.

The state trial court construed the motion as a Rule 3.850 motion for postconviction relief, and summarily denied the motion on February 3, 2000. On March 15, 2000, Brown filed

a pro se motion to withdraw his plea. Subsequently, on July 19, 2000, Brown filed a pro se motion for postconviction relief. On August 8, 2000, the state trial court summarily dismissed both motions. Brown did not appeal the denial of relief.

On December 27, 2000, and on January 25, 2001, Brown filed two other pro se Rule 3.850 motions for postconviction relief. On October 30, 2001, the state trial court summarily denied the Rule 3.850 motion. Rehearing was denied September 30, 2002. Brown did not timely appeal the denial of relief.

On April 8, 2003, Brown filed a pro se state petition for writ of habeas corpus seeking a belated appeal of the Rule 3.850 summary denial. On April 30, 2003, the state district court of appeal per curiam affirmed the denial of relief. *Brown v. State*, case no. 2D03-733 (Fla. 2nd DCA April 30, 2003).

On June 10, 2003, Brown filed a pro se state petition for writ of habeas corpus in which he again sought a belated appeal of the Rule 3.850 summary denial. On June 23, 2003, the state district court of appeal denied the petition without discussion. *Brown v. State,* 2003 Fla. App. LEXIS 18215 (Fla. 2nd DCA 2003)[table].

On October 15, 2003, Brown filed a Rule 3.800(a) pro se motion to correct sentence 2003, under Florida Rule of Criminal Procedure 3.800(a). On November 18, 2003, the state trial court denied the motion. Brown appealed, and on April 2, 2004, the state district court of appeal, in case no. 2D03-5601 affirmed the denial of relief, citing to *Wright v. State*, 834 So. 2d 879 (Fla. 3rd DCA 2002).[1] *Brown v. State*, 872 So. 2d 904 (Fla. 2nd DCA 2004). The

---

[1] *Wright v. State*, 834 So. 2d 879 (Fla. 3rd DCA 2002) (defendant's 30-year prison sentence followed by 10 years' probation technically exceeded legal maximum; because each of the four robbery counts involved separate victim and separate crime date, it was permissible for habitual offender sentences to run consecutively, and case was remanded to correct one of concurrent counts to provide for a consecutive period of 10 years probation to achieve original sentencing intent; defendant qualified as a habitual offender as he

2

mandate issued April 28, 2004.

On August 10, 2004, Brown filed another pro se Rule 3.850 motion alleging the existence of newly-discovered evidence. The state trial court denied relief on October 4, 2004. Brown appealed, and on April 22, 2005, the state district court of appeal per curiam affirmed the denial of relief. *Brown v. State*, 907 So. 2d 523 (Fla. 2nd DCA 2005)[table]. The mandate issued August 11, 2005.

Brown signed the present pro se 28 U.S.C. § 2254 on January 10, 2007. The petition is time-barred.

## Discussion

The AEDPA imposes a one-year limitations period on all habeas corpus petitions, which in most cases, as in Brown's, begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000).

Under *Artuz*, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004). For purposes of § 2244(d) (as well as Rule 3.850), Brown's judgment became final on January 7, 2000, that is, upon expiration of the time for filing a direct appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment

---

committed current offenses within five years of adjudication dates of predicate offenses).

and sentence upon entry of plea as final when time for appeal expired).

Brown's AEDPA limitation period commenced the following Monday, January 10, 2000. By then, Brown had filed his motion for modification of sentence, which tolled the running of the limitation period. The one-year limitation period began to run on Monday, March 6, 2000, the date of the expiration of the time for appealing the state trial court's February 3, 2000, order denying Brown's motion for modification of sentence.

A period of seven non-tolling days elapsed (March 7 to March 15, 2000) before Brown filed his motion to withdraw his plea, which also tolled the one-year period. This motion, was well as his July, 2000, postconviction motion, were pending until expiration of the time for appealing the denial of the motions on September 7, 2000.

A period of 110 days elapsed which was not tolled before Brown filed another pro se Rule 3.850 motion on December 27, 2000, which tolled the one-year limitation period until October 30, 2002. A period of 160 days elapsed which was not tolled before Brown filed his first pro se petition for belated appeal dated April 8, 2003. Neither of Brown's petitions seeking a belated appeal tolled the limitations period because such petitions are not state applications for state postconviction or other collateral review as contemplated by 28 U.S.C. § 2244(d)(2).

But, even assuming the petitions did toll, Brown's federal § 2254 petition is still time-barred. The first petition for leave to file a belated appeal tolled until April 30, 2003. A period of 40 days elapsed which was not tolled before he filed his second petition for belated appeal dated June 10, 2003. The second petition tolled the one-year period until June 23, 2003. By then, an aggregate of 310 days of his AEDPA limitations period had expired. By the time Brown filed his October 15, 2003, pro se motion to correct sentence, his AEDPA limitations period had expired. Thus, the rule 3.800(a) motion, as well as his ensuing postconviction

motion had no tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Brown's 2004 Rule 3.850 motion does not qualify as a tolling application. It was untimely filed outside Rule 3.850's time limit and does not constitute a properly filed application within the meaning of the tolling statute. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (under the AEDPA, "time limits, no matter their form, are 'filing' conditions.").

The state trial court's denial referred to the timeliness issue, although the motion was dismissed based on Brown's failure to show entitlement to an evidentiary hearing under the state's newly-discovered evidence standard. This Court need not resolve whether the motion was properly filed for tolling purposes under § 2244(d) because the limitations period had already expired by the time he filed the 2004 Rule 3.850 motion.

Brown knew the factual basis of his newly-discovered evidence claim, and his "actual innocence" claim at the time of his plea. Even if additional evidence in support of a known claim and known predicate could somehow qualify as a basis for commencing a new one-year limitation period, Brown would still have to show that he exercised due diligence to discover the factual predicate of the claim. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (citations omitted).

Whether a habeas petitioner has exercised due diligence is context-specific, and the essential question is "whether the petitioner should be expected to take actions which would lead him to the information." *Wilson v. Beard*, 426 F.3d 653, 661-62 (3d Cir. 2005). While the due diligence standard does not require "the maximum feasible diligence," it does require reasonable diligence in the circumstances. *Schlueter*, 384 F.3d at 74. A petitioner can only avail himself of a later accrual date "if vital facts could not have been known." *Id.* Brown does not plead sufficient facts showing that the factual basis for his claims could not have been

5

ascertained with due diligence within one year of the finality of his conviction. n any case, Brown allowed more than a year to elapse which was not tolled after his Rule 3.850 attack alleging newly-discovered evidence was no longer pending before he filed his federal petition in this Court.

Brown raises a claim of actual innocence as ground three of his federal petition. The Eleventh Circuit has not decided whether an actual innocence exception exists to toll the habeas statute of limitations. *See Wyzykowski v. Dept. of Corr.*, 226 F.3d 1213, 1219 (11th Cir. 2000). However, prisoners claiming to be innocent, like those prisoners contending that other events spoil the conviction, must meet the statutory requirement of timely action. *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005).

Brown does not present new reliable evidence of actual innocence as contemplated by *Schlup v. Delo*, 513 U.S. 298 (1995) to overcome the one-year AEDPA limitation period. Brown, pointing to a subsequent conviction of one of the officers in Brown's case who filed a false police report in a later personal case, draws the conclusion that the police report in his case was falsified. But, as the state trial court found, Brown's allegations did not show a causal connection between his case and the conduct of the officer after Brown's case had concluded.[2]

Not having evidence of factual innocence, Brown cannot show that no reasonable juror would find him guilty beyond a reasonable doubt. *See House v. Bell,* 126 S. Ct. 2064, 2077 (2006)(A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -- or, to remove the double negative, that more likely than not any reasonable juror would

---

[2] Brown reiterates this claim in his reply to the response.

have reasonable doubt). Thus, this Court need not determine whether "actual innocence" would constitute a freestanding exception to § 2244(d). *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004)(refusing to consider an exception to the statute of limitations "because the [evidence is] legally insufficient to establish that [petitioner] is actually innocent of the assault charge"). There being insufficient statutory tolling of the limitations period and no basis to reset his AEDPA time-clock, Brown's federal petition is subject to dismissal for untimeliness. He should be called upon to show cause why his petition should not be dismissed as untimely. The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case).[3]

Here, the Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Brown's is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition. Among his various unnecessary delays, Brown unjustifiably delayed following the mandate in the collateral appeal of his 2004 Rule 3.850 motion in filing the present federal petition. Brown has not alleged a sufficient basis on which to conclude he used due diligence in pursuing his grounds and seeking federal habeas corpus relief in a timely manner.

Accordingly, the Court orders:

---

[3] The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'" *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

That Brown's petition is denied. The Clerk is directed to enter judgment against Brown and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 19, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Cedric D. Brown